UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE BELLA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9208124,<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE BERING WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9149225,<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE PANDI WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9105073,<br><br>  --and--<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE LUNA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9208100,<br><br>    Defendants. | Civil A. No. 20-1791 |

**GOVERNMENT'S MOTION FOR ISSUANCE OF WARRANT OF ARREST**
***IN REM* AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, the United States of America, moving by and through the Acting United States Attorney for the District of Columbia, and respectfully requests that the Court issue a Warrant of Arrest *in Rem* for the defendant properties, namely all petroleum-product cargo aboard: the Bella with International Maritime Organization ("IMO") number 9208124 ("Defendant Property 1"), the Bering with IMO number 9149225 ("Defendant Property 2"), the Pandi with IMO 9105073 ("Defendant Property 3"), and the Luna with IMO number 9208100 ("Defendant

Property 4") (collectively, the "Defendant Properties"), pursuant to Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), and in support thereof states the following:

1.  On or about July 1, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (the "Complaint") against the above-captioned properties.

2.  When the government commences a civil forfeiture proceeding against a defendant asset that is already in government custody, the Clerk of the Court "must issue a warrant to arrest the property." Rule G(3)(b)(i). However, when the government commences such a proceeding against property that is not in the government's possession, custody, or control, and is not subject to a judicial restraining order at the time of filing, "the Court – on finding probable cause – *must* issue a warrant to arrest the property." Rule G(3)(b)(ii) (emphasis added).

3.  The probable cause standard applied to civil forfeiture seizures "is similar to that required to obtain a search warrant." *United States v. Real Property at 874 Gartel Drive*, 79 F.3d 918, 922 (9th Cir. 1996); *see also United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars ($149,442.43) in U.S. Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (test for probable cause is the same as applies in other arrests, searches, and seizures). In order to establish probable cause, the government "must have reasonable grounds to believe that the certain property is subject to forfeiture." *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir. 1986). Probable cause is an "objective standard requiring an analysis of the totality of the circumstances." *United States v. Jackson*, 415 F.3d 88, 91 (D.C. Cir. 2005) (citing authorities); *see also United States v. Laws*, 808 F.2d 92, 96-98 (D.C. Cir. 1986) (the determination of probable cause is a practical, common-sense decision).

4. Probable cause is "'not a high bar.'" *United States v. Bikundi*, 125 F. Supp. 3d 178, 184 (D.D.C. 2015) (quoting *Kaley v. United States,* 134 S. Ct. 1090, 1103 (2014)). Rather probable cause "is instead 'synonymous with fair probability.'" *Bikundi*, 125 F. Supp. 3d at 184 (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).

5. Upon issuance, the warrant is to be delivered to a person authorized to execute it, who may be: "(A) a marshal or any other United States officer or employee; (B) someone under contract with the United States; or (C) someone specially appointed by the court for that purpose." Rule G(3)(c)(i).

6. Although not requested here, such warrants may be issued *ex parte*. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679-80 (1974) (seizure of property for forfeiture is like the execution of a search warrant or the seizure of evidence in a criminal case, acts which must necessarily occur, in most cases, without prior notice to the owner).

7. Based on the information in the attached affidavit in support of a probable cause finding and the allegations within the Complaint, there is probable cause to believe that the Defendant Properties are subject to forfeiture. The government respectfully requests that the Court issue the proposed Warrant for Arrest *in Rem*.

    Respectfully submitted,

    MICHAEL R. SHERWIN, N.Y. Bar 4444188
    ACTING UNITED STATES ATTORNEY

    _____
    ZIA M. FARUQUI, D.C. Bar No. 494990
    BRIAN P. HUDAK
    STUART D. ALLEN, D.C. Bar No. 1005102
    Assistant United States Attorneys
    555 Fourth Street, NW
    Washington, DC 20530

Date: July 1, 2020     (202) 252-7566 (main line)