UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE BELLA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9208124,<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE BERING WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9149225,<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE PANDI WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9105073,<br><br>　　--and--<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE LUNA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9208100,<br><br>　　Defendants. | Civil A. No. 20-1791 |

WARRANT FOR ARREST *IN REM*

TO: 　THE ATTORNEY GENERAL OF THE UNITED STATES OR
　　　HIS DULY AUTHORIZED REPRESENTATIVE:

　　　WHEREAS, on or about July 1, 2020, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") in the United States District Court for the District of Columbia, alleging that the above-captioned defendant properties, namely all petroleum-product

cargo aboard: the Bella with International Maritime Organization ("IMO") number 9208124 ("Defendant Property 1"), the Bering with IMO number 9149225 ("Defendant Property 2"), the Pandi with IMO 9105073 ("Defendant Property 3"), and the Luna with IMO number 9208100 ("Defendant Property 4") (collectively, the "Defendant Properties") are subject to seizure and forfeiture to the United States;

WHEREAS, the Court, having reviewed the Motion for Issuance of Warrant of Arrest *In Rem* and Supporting Memorandum of Law, and related Affidavit in Support, hereby finds, in accordance with Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), that there is probable cause to believe that the Defendant Properties are foreign assets of the Islamic Revolutionary Guard Corps ("IRGC"), a designated foreign terrorist organization, which has engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, citizens or residents of the United States, or their property, or are foreign assets affording a the identified subjects a source of influence over the IRGC;

WHEREAS, this Court has venue and jurisdiction over the Defendant Properties: (i) as they are located in a foreign country or have been detained by a foreign authority, pursuant to 28 U.S.C. § 1355(b)(2); and/or (ii) as they are on the high seas, pursuant to 14 U.S.C. § 522(a) and 28 U.S.C. § 2461(b);

WHEREAS, Supplemental Rule G(3)(b)(ii) provides that upon a finding of probable cause, the Court must issue a warrant to arrest the property if, as in the instant case, it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and

WHEREAS, Supplemental Rule G(3)(c)(i) provides that the Warrant of Arrest *In Rem* must

be delivered to a person or organization authorized to execute it, who may be: a marshal or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the Defendant Properties as soon as practicable by transmitting a copy of this Warrant for Arrest *In Rem* to the appropriate authorities for service on the custodian in whose possession, custody or control the property is presently found;

YOU ARE FURTHER COMMANDED to seize the Defendant Properties as soon as practicable and bring them into the sole jurisdiction of this Court;

YOU ARE FURTHER COMMANDED, promptly after execution of the arrest warrant, to file the same in this Court with your return, identifying the individuals upon whom copies were served and the manner employed.

Dated: July ___, 2020

_____
HON. JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE