# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMIBA

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALL PETROLEUM-PRODUCT CARGO | ) | Civ. No. 20-cv-01791 (JEB) |
| ABOARD THE BELLA WITH | ) | |
| INTERNATIONAL MARITIME | ) | |
| ORGANIZATION NUMBER 9208124, et al., | ) | |
| | ) | |
| Defendants In Rem, and | ) | |
| | ) | |
| MOBIN INTERNATIONAL LIMITED, | ) | |
| | ) | |
| OMAN FUEL TRADING LTD., and | ) | |
| | ) | |
| SOHAR FUEL TRADING LLC FZC, | ) | |
| | ) | |
| Claimants. | ) | |

_____)

## CLAIMANTS MOBIN INTERNATIONAL LIMITED, OMAN FUEL TRADING LTD., AND SOHAR FUEL TRADING LLC FZC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES

Pursuant to Supplemental Rule G of the Federal Rules of Civil Procedure, Claimants Mobin International Limited, Oman Fuel Trading Ltd., and Sohar Fuel Trading LLC FZC (collectively, the "Claimants") state their responses and objections to Plaintiff's First Set of Special Interrogatories as follows:

## GENERAL OBJECTIONS

1

Under Supplemental Rule G of the Federal Rules of Civil Procedure, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Fed. R. Civ. P. Supp. R. G(6)(a). "The purpose of such special interrogatories is to allow the government 'to gather information that bears on the claimant's standing.'" *United States v. All Assets Held at Bank Julius Baer & Co.* (In re Rem), 959 F. Supp. 2d 81, 92 (D.D.C. 2013). Notably, this Court has explained that special interrogatories issued under Supplemental Rule G are "'limited to questions dealing solely with claimant's ownership interests in the property.'" *Id*.

To the extent that an interrogatory requests the production of documents, that interrogatory is outside the scope of Supplemental Rule G(6), and Claimants object to those requests. Requests for documents are governed by Federal Rule of Civil Procedure 34. Furthermore, Federal Rule of Civil Procedure 33 makes clear that parties may *choose* to respond to an interrogatory by permitting access to responsive records. Fed. R. Civ. P. 33(d). In the absence of relevant holdings in circuit, the Ninth Circuit's opinion in *United States v. $133,420.00 in United States Currency* is instructive, finding that the government's requests went beyond the scope of Supplemental Rule G(6)(a) because, *inter alia*, "the government requested the production of documents and admissions when the rule permits only interrogatories." 672 F.3d 629, 643, n.5 (9th Cir. 2012).

Therefore, Claimants have provided responses to the extent necessary to confirm their "identity and relationship to the defendant property." Fed. R. Civ. P. Supp. R. G(6)(a). To the extent that an interrogatory seeks information that is not limited to the Claimants' identities and the Claimants' relationships to the Defendant Properties, that interrogatory is overly broad and outside the scope of Supplemental Rule G(6). *Id*. Where applicable, Claimants have noted their objections to such interrogatories, but have nonetheless responded to the extent that their answers address those limited, authorized purposes for Special Interrogatories under Supplemental Rule G.

Accordingly, Claimants responses to Plaintiff's First Set of Special Interrogatories are as follows:

## **RESPONSES TO SPECIAL INTERROGATORIES**

**Interrogatory 1:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, describe in detail its business and scope of operations.*

**Response:** Mobin International, Oman Fuel, and Sohar Fuel are each in the business of purchasing, selling, and transporting petroleum and petrochemical products.

**Interrogatory 2:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, identify and provide documents sufficient to substantiate and confirm (a) all prior corporate names or aliases; (b) the date(s) and place(s) of incorporation; (c) any and all business locations, including its primary place of business; and (d) any corporate identification numbers or licenses.*

**Response:** Mobin International has had the same name since its establishment and has not changed its name. Mobin International possesses certification of its original incorporation as an International Business Company in RAK Offshore under Ras Al Khaimah ("RAK") Investment Authority in accordance with the provisions of Regulations on International Business Companies 2006 on July 17, 2016. In addition, it possesses certification of its re-registration with the RAK International Corporate Centre, United Arab Emirates as an International Business Company on January 1, 2018. Its registration number is IBC/07/16/13069.

Oman Fuel also has had the same name since its establishment and has not changed its name. Oman Fuel possesses certification of its incorporation under the Companies Act 2006 as a private company situated in England and Wales on January 7, 2019. Its Company Number is 11751545.

When it was established, Sohar Fuel was originally named Oman Fuel Trading LLC Company. On June 6, 2019, that company was renamed Sohar Fuel Trading LLC. Sohar Fuel possesses certification of its incorporation subject to Sohar Free Zone laws and regulations on August 10, 2018, in the Sultanate of Oman. Its Commercial Registration Number is 1328330.

**Interrogatory 3:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, describe in detail its corporate structure and provide all organizational charts or other similar documents for each. Your response should, among other items, (a) identify all other business entities owned, controlled,*

3

*managed, or directed by each; and (b) identify all subsidiaries, parents, and affiliates of each. Your response should also include, without limitation, the production of (i) all articles of incorporation or organization, (ii) all bylaws, (iii) all operating agreements, (iv) all board of directors, partners, or member resolutions, and (v) all minutes of all board of directors, partners, or member meetings (or any subcommittee or components thereof) for the past five years.*

**Response:**

1. Mobin International's managing director is Samika Kohli. Mobin International's board of directors for the past five years has included Samika Kohli and Olga Khavronina. Ms. Khavornina exited Mobin International in 2019. Mobin International possesses certification of its incorporation showing its composition.

2. Oman Fuel's managing director is Mahmoud Madanipour. Mahmoud Madanipour has been the only member of Oman Fuel's board of directors for the past five years. Oman Fuel possesses certification of its incorporation showing its composition.

3. Sohar Fuel's managing director is Hamadan Al Qatabi. Sohar Fuel's board of directors for the past five years has been comprised of Seif Al Qatabi, Majed Al Qatabi, and Hamadan Al Qatabi. Sohar Fuel possesses certification of its incorporation showing its composition.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6) (a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 4:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, identify and provide documents sufficient to substantiate and confirm (a) all officers; (b) all directors; (c) all partners or members; (d) all individuals, entities, or governmental organizations or components that have an ownership or beneficial interest in each; and (e) the nature and percentages of all such interests.*

**Response:** Please see Claimants' response to Interrogatory 3. Mahmoud Madanipour is the 100% ultimate beneficial ownership of each Mobin International, Oman Fuel, and Sohar Fuel.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6) (a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 5:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, identify all employees and provide employee listings for each.*

**Response:** Mobin International, Oman Fuel, and Sohar Fuel each have the same two employees, Samika Kohli and Hamadan Al Qatabi.

**Interrogatory 6:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, identify and provide documents sufficient to substantiate and confirm (a) all investors; (b) all individuals, entities, or governmental organizations or components that hold any debt or equity interests in each; and (c) the amounts and percentages of all such interests. Your response should also include, without limitation, the production of all lending, debt, equity, debenture, investment, security, or other agreements regarding all such interests and investments.*

**Response:** Please see Claimants' response to Interrogatory 4.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6) (a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 7:**

*For each individual, entity, and governmental organization or component identified in response to Special Interrogatories 4 to 6 above, identify all background information, including without limitation (a) for individuals, the educational and employment history of each; (b) for entities, components, and organizations, a description of the business or operations of each; (c) all known aliases or operating names of each; (d) the telephone number, email address, and social media contacts for each; and (e) all current or past relationships or business dealings with the Iranian Revolutionary Guard Corps ("IRGC"), the Government of the Islamic Republic of Iran (the "Iranian Government"), the National Iranian Oil Company ("NIOC"), the Government of the Bolivarian Republic of Venezuela ("Venezuelan Government"), and the Venezuelan Government-owned oil company Petróleos de Venezuela, S.A. ("PDV") for each.*

**Response:** Please see Claimants' responses to Interrogatories 4-6.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 8:**

*For each of Mobin International, Oman Fuel, and Sohar Fuel, describe in detail all relationships of whatever kind (e.g., employment, investor, consultant) with Mahmoud Madanipour, including without limitation, for each relationship (a) the nature of the relationship; (b) his responsibilities in the relationship, and (c) the length and duration of the relationship.*

**Response:** Please see Claimants' responses to Interrogatories 3, 6, and 7.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 9:**

*Identify all background information for Mahmoud Madanipour, including without limitation (a) his educational and employment history; (b) all known aliases; (c) all governmental positions he currently holds or formerly held; (d) all of his current or past relationships or business dealings with the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government; (e) all telephone numbers, email addresses, and social media contacts used by him. Your response should also include, without limitation, the production of copies of (i) all of his passports; (ii) all identification cards or credentials issued to him by Mobin International, Oman Fuel, and Sohar Fuel; and (iii) all identification cards or credentials issued to him by any governmental component or organization.*

**Response:** Please see Claimants' response to Interrogatory 7.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 10:**

*Describe in detail the following transactions and occurrences (a) NIOC's allocation of 10 million barrels of crude oil in 2014 to a company represented by Mahmoud Madanipour, (b) the July 2017 Petroleum Contract 5188 between NIOC and Rahbaran Petro Mobin Kish, and (c) the July 2017 contract between NIOC and Mobin International to conduct a 1,000,000 barrel ship-to-ship transfer operation.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 11:**

*Describe in detail the nature of Mobin International's relationship with Rahbaran Petro Mobin Kish, whose Tehran Office lists Mahmoud Madanipour's cell phone as a contact number. Your response should include, without limitation, details about the decision to change the name of the company from Iran-based Rahbaran Petro Mobin Kish to UAE-based Mobin International.*

**Response:** Mobin International is a UAE-based company registered in the UAE, and it has not changed its name since the company was established. Mobin International purchased the Defendant Properties from Rahbaran Petro Mobin Company.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co*., 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 12:**

*Describe in detail all efforts taken by the Mobin Claimants and Mahmoud Madanipour to coordinate their oil business and sale of Iranian petroleum products with Naftiran Intertrade Co. Ltd. (including in March 2019).*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co*., 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 13:**

*Describe Mahmoud Madanipour's efforts to change shipping documents in order to hide the Iranian Government's involvement, and give the appearance of sanctions compliance, in prior petroleum sales transactions. Your response should include, without limitation, (a) details regarding the suggestion that petroleum be labeled as from Oman instead of Iran; (b) the suggestion that payment for petroleum come not from an Iranian company but from another Gulf Cooperation Council country, including Oman or the United Arab Emirates; and (c) details about the December 2019 contract, based on Articles 10, 569 and 570 of the Civil Code of the Islamic*

*Republic of Iran, regarding forgery between parties and the 15% surcharge applied for forging documents.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 14:**

*Describe in detail all efforts taken by the Mobin Claimants and Mahmoud Madanipour to coordinate their oil business and sale of Iranian petroleum products with the IRGC and NIOC. Your response should include, without limitation, (a) details regarding planning discussions regarding sanctions evasions and the efforts of the IRGC and NIOC to conceal their involvement in commercial petroleum transactions, and (b) details about the positions held by retired IRGC and NIOC leaders at companies in key Iranian industrial sectors. Your response should also include, without limitation, the production of (a) all communications and other documents discussing the attempts of the IRGC and NIOC to facilitate or coordinate the sale of Iranian petroleum products; (b) all communications and other documents discussing methods and steps taken to conceal the roles of the IRGC, NIOC, and the Iranian Government in the sale of Iranian petroleum products; and (c) all communications and other documents discussing methods and steps taken (covert or overt) to avoid U.S.-sanctions on the sale of Iranian petroleum products.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 15:**

*Describe in detail Mahmoud Madanipour's and Samika Kohli's affiliation with Citi Energy FZC.*

9

**Response:** Claimants sold the Defendant Properties to Citi Energy FZC. Claimants' responses to these Special Interrogatories describe the respective roles of Mahmoud Madanipour and Samika Kohli with the Claimants.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 16:**

*Describe in detail the facts, circumstances, and purposes why Samika Kohli created City Energy Limited in the United Kingdom.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 17:**

*Describe in detail the circumstances of the Acquisition. You response should include, without limitation, (a) the date(s), time(s), and place(s) of the Acquisition; (b) the reason(s) for the Acquisition; (c) the nature of the transactions underlying the Acquisition; (d) the counterparties to, and other person, entities, and governmental components involved in, the Acquisition; and (e) the identity of all individuals, entities, and governmental components or organizations involved in the Acquisition. Your response should also include, without limitation, the production of (i) all contracts, agreements, bills of lading, charter parties, letters of indemnity, invoices, notices of readiness, confirmations of receipt, and other documentation regarding the Acquisition; (ii) all communications regarding the Acquisition including email correspondence, text messages, social media posts, letters and any other form of communication involved in the transfer; (iii) all documents concerning the negotiation of the Acquisition; (iv) all documents regarding payments made in connection with the Acquisition; (v) deposit slips bank statements, letters of credit, bills of sale and any other documents detailing payments made in connection with the Acquisition.*

**Response:** The following table outlines the parties to and circumstances of Claimants' acquisition of the Defendant Properties.

| Date | Location | First Seller | Second Seller | Third Seller | Fourth Seller | Fifth Seller | Vessel | Quantity |
|---|---|---|---|---|---|---|---|---|
| 4/17/2020 | Port | Rahbaran | Abbar Ali | Mobin | Citi | Citi | Bella | 302522 |
| | Khalid | Petro | Tejarat | International | Energy | Energy | | |
| | | Mobin | Khasah | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| 4/19/2020 | Port | Rahbaran | Abbar Ali | Mobin | Citi | Citi | Bering | 302522 |
| | Khalid | Petro | Tejarat | International | Energy | Energy | | |
| | | Mobin | Khasah | | | | | |
| 5/8/2020 | Sohar | Rahbaran | Abbar Ali | Mobin | Sohar | Citi | Luna | 223328 |
| | Port | Petro | Tejarat | International | Fuel | Energy | | |
| | | Mobin | Khasah | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| 5/17/2020 | Port | Rahbaran | Abbar Ali | Mobin | Oman | Citi | Luna | 36372 |
| | Khalid | Petro | Tejarat | International | Fuel | Energy | | |
| | | Mobin | Khasah | | | | | |
| 5/15/2020 | Port | Rahbaran | Abbar Ali | Mobin | Oman | Citi | Pandi | 298663 |
| | Khalid | Petro | Tejarat | International | Fuel | Energy | | |
| | | Mobin | Khasah | | | | | |
| | | | | | | | | |
| | | | | | | | | |

11

Rahbaran Petro Mobin Company purchased the Defendant Properties from the Iran Energy Merchant Exchange. Mobin International then purchased the Defendant Properties from Rahbaran Petro Mobin Company through Abbar Ali Tejarat Khasah in Iraq. All payments to or from Claimants with respect to their acquisition of the Defendant Properties are due after their delivery to the end buyers.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6) (a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 18:**

*For each individual, entity, and governmental organization or component identified in response to Special Interrogatory No. 10, identify all background information, including without limitation (a) for individuals, the educational and employment history of each; (b) for entities, components, and organizations, a description of the business or operations of each; (c) all known aliases or operating names of each; (d) the telephone number, email address, and social media contacts for each; (e) the role each played or was contemplating playing in the Acquisition; and (f) all current or past relationships or business dealings with the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government for each.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 19:**

*Describe in detail any and all due diligence regarding the Defendant Properties conducted by the Mobin Claimants prior to entering into the Acquisition and describe in detail the results of all such due diligence. Your response should also include, without limitation, the production of all*

*due diligence materials reviewed and all memoranda or other documents that described, summarized, detailed conclusions or observations made during such due diligence.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 20:**

*Identify the payment terms and method of compensation provided by Mobin International to NIOC for the purchase of a portion of the Defendant Properties, including but not limited to the 256,355 barrels of gasoline transferred by NIOC to the Pandi on or about January 10, 2020.*

**Response:** There is no information responsive to this interrogatory, because Mobin International did not purchase the Defendant Properties from NIOC.

**Interrogatory 21:**

*Describe the circumstances through which the Defendant Properties were transferred into the physical possession and custody of Mobin International, including the method by which it was shipped or transported, and how this transfer was funded.*

**Response:** Mobin International took possession of the Defendant Properties at storage tanks it leased from Sunrise Petroleum FZC and Agean Oil Terminal Corporation in the UAE. The Defendant Properties were then transferred to the Bella, Bering, Luna, and Pandi for shipment to Trinidad.

**Interrogatory 22:**

*Identify any and all exclusive or partial owners, and their respective dates of ownership, of the Defendant Properties from January 1, 2016, to present, including without limitation all entities, components, and organizations of the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government.*

13

**Response:** Claimants are the owners and shippers of the Defendant Properties since they acquired them, as described in Claimants' response to Interrogatory 17.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6) (a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

## Interrogatory 23:

*Describe in detail the circumstances of the Sale. You response should include, without limitation, (a) the intended date(s), time(s), and place(s) of the Sale; (b) the reason(s) for the Sale; (c) the nature of the transactions underlying the Sale; (d) the counterparties to, and other person, entities, and governmental components involved in, the Sale; and (e) the identity of all individuals, entities, and governmental components or organizations involved in the Sale. Your response should also include, without limitation, the production of (i) all contracts, agreements, bills of lading, charter parties, letters of indemnity, invoices, notices of readiness, confirmations of receipt, and other documentation regarding the Sale; (ii) all communications regarding the Sale, including email correspondence, text messages, social media posts, letters and any other form of communication involved in the transfer; (iii) all documents concerning the negotiation of the Sale; (iv) all documents regarding payments made in connection with the Sale; (v) deposit slips bank statements, letters of credit, bills of sale and any other documents detailing payment for the Sale.*

**Response:** Please see Claimants' response to Interrogatory 17. Citi Energy has entered into agency agreements with Colombia-Barda de Gasolina Leon in Columbia and Comerciantes de Aceite De Motor in Peru for the sale of the Defendant Properties in Columbia and Peru, respectively. All payments to or from Claimants with respect to their acquisition of the Defendant Properties are due after their delivery to the end purchasers.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6) (a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 24**:

*For each individual, entity, and governmental organization or component identified in response to Special Interrogatory No. 12, identify all background information, including without limitation (a) for individuals, the educational and employment history of each; (b) for entities, components, and organizations, a description of the business or operations of each; (c) all known aliases or operating names of each; (d) the telephone number, email address, and social media contacts for each; (e) the role each played or was contemplating playing in the Sale; and (f) all current or past relationships or business dealings with the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government for each.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 25**:

*Identify each and every individual, entity, and governmental component or organization in Trinidad involved in the Sale. For each, your response should include without limitation (a) for individuals, the educational and employment history of each; (b) for entities, components, and organizations, a description of the business or operations of each; (c) all known aliases or operating names of each; (d) the telephone number, email address, and social media contacts for each; (e) the role each played or was to play in the Sale; and (e) all current or past relationships or business dealings with the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government for each.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 26:**

*Identify each and every individual, entity, and governmental component or organization described by the Mobin Claimants in their Verified Claim as "customers in Peru and Colombia" involved in the Sale. For each, your response should include without limitation (a) for individuals, the educational and employment history of each; (b) for entities, components, and organizations, a description of the business or operations of each; (c) all known aliases or operating names of each; (d) the telephone number, email address, and social media contacts for each; (e) the role each played or was to play in the Sale; and (f) all current or past relationships or business dealings with the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government for each.*

**Response:** Please see Claimants' response to Interrogatory 23.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 27:**

*Explain in detail the nature of the Mobin Claimants' relationship with Avantgarde Group, Petro House FZC, and Seawaves Shipping, and their role in the Sale. For each, your response should include, without limitation, (a) a description of the business or operations of each; (b) all known aliases or operating names of each; (c) the telephone number, email address, and social media contacts for each; (d) the role each played or was to play in the Sale; and (e) all current or past relationships or business dealings with the IRGC, NIOC, the Iranian Government, PDV, and the Venezuelan Government for each.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 28:**

*Describe Citi Energy FZE's history of purchasing Iranian oil, including but not limited to the purchase on February 15, 2020, where Samika Kohli authorized and signed a purchase order, which listed a USD exchange rate, on behalf of Citi Energy FZE for 210,000 metric tons of Iranian oil. Describe the basis of knowledge that allows Samika Kohli to state under penalty of perjury that the factual allegations in the Verified Claim filed by Mobin International are "true and correct."*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 29:**

*Describe in detail which individuals, entities, and governmental components or organizations currently hold originals of the bills of lading involved in the Sale.*

**Response:** The original bills of lading are and have continuously been held by Mobin International.

**Interrogatory 30:**

*Describe in detail which individuals, entities, and governmental components or organizations held originals of the bills of lading involved in the Sale as of July 1, 2020.*

**Response:** Please see Claimants' response to Interrogatory 29.

**Interrogatory 31:**

*Describe in detail from their creation to the present, the holders of the original bills of lading for the Sale. Your response should include, without limitation, (a) each person that held at any time an original bill of lading for the Sale; (b) all facts and circumstances regarding all transfers or negotiations of all original bills of lading involved in the Sale; and (b) the time periods each such person held an original bill of lading involved in the Sale.*

**Response:** The original bills of lading for the Luna, Pandi, Bella, and Bering were issued at Port Khalid, UAE. The documents have not changed hands and remain with Mobin International.

Completion of the sale and transfer of ownership to the final customers did not occur because the voyage was incomplete, delivery to the intended destination never happened, and Claimants did not receive payment.

**Interrogatory 32:**

*Describe in detail the facts and circumstances of the Mobin Claimants' receipt of notices of readiness issued under the Charter Party agreements involved in the Sale and the transportation of the Defendant Properties as part of the Sale. Your response should include, without limitation, (a) when you received such notices, and (b) from whom you received such notices.*

**Response:** Claimants did not receive any notices of readiness issued under the Charter Party agreements involved in the Sale and the transportation of the Defendant Properties as part of the Sale. The owner of the vessels ceased communications with Claimants and changed the destination of the voyage from Trinidad to Cape Verde. The voyage was incomplete due to breach of charter party, the processing of sales had stopped, and therefore no notice of readiness was tendered.

**Interrogatory 33:**

*Describe in detail the facts and circumstances of any letters of indemnity provided by the Mobin Claimants to any carriers or shipping owners in connection with the Sale and the transportation of the Defendant Properties as part of the Sale. Your response should include, without limitation, (a) when you issued any such letters, (b) the reasons for issuing any such letters, (c) under which, if any, provisions of any agreements you issued any such letters, and (d) to whom you issued any such letters.*

**Response:** Claimants have not sent any letters of indemnity to any shipowner.

**Interrogatory 34:**

*Describe in detail the facts and circumstances of any transfer certificates provided by the Mobin Claimants to any carriers or shipping owners in connection with the Sale and the transportation of the Defendant Properties as part of the Sale. Your response should include, without limitation, (a) when you issued any such certificates, (b) the reasons for issuing any such certificates, (c) under which, if any, provisions of any agreements you issued any such certificates, and (d) to whom you issued any such certificates.*

**Response:** Claimants did not have any transfer certificates to any shipowner or carrier in connection with the sale of the cargo.

**Interrogatory 35:**

*Describe in detail the facts and circumstances of any requests made by the Mobin Claimants to any carriers or shipping owners in connection with the Sale and the transportation of the Defendant Properties as part of the Sale to issue new or new sets of original bills of lading. Your response should include, without limitation, (a) when you made any such request, (b) the reasons for making any such request, (c) under which, if any, provisions of any agreements you made such requests, (d) to whom you made such requests, (e) the content of any such request, and (f) a description of what transpired after you made such request.*

**Response:** The original bills of lading for the Luna, Pandi, Bella, and Bering were issued at Port Khalid, UAE. The documents have not changed hands and remain with Mobin International.

**Interrogatory 36:**

*Describe in detail how the Mobin Claimants have an ownership interest in the Defendant Properties when the Iranian Government has publicly stated that it has been paid in full by the Venezuelan Government for the Defendant Properties.*

**Response:** Claimants' responses to these Special Interrogatories set forth their ownership interests in the Defendant Properties.

It is Claimants' understanding that Iranian officials, including the President of Iran and Iran's ambassador to Venezuela, have expressly denied ownership of the cargoes from these four vessels. The remarks of the Iranian Minister of Oil regarding the receipt of payment from

Venezuela are related to five different vessels that attempted to transport their cargoes to Venezuela.

**Interrogatory 37:**

*On August 12, 2020, a special forces team fast-roped from an Iranian Navy SH-3 Sea King onto a vessel name the Wila. An Iranian patrol vessel, the Hendijan, cruised alongside Wila. The Wila is owned by the same Greek shipping company that owns the four vessels referenced in your Verified Claim: the Pandi, Luna, Bella, and Bering. The U.S. Department of Justice stated publicly that this event was linked to the Iranian Government's efforts to locate the Defendant Properties. Explain in detail any information you have about the August 12, 2020, boarding of the Wila by Iranian forces, including without limitation why the Iranian military would be involved in searching for the Defendant Properties.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co*., 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 38:**

*Describe each communication between any person affiliated with the Mobin Claimants and any person affiliated with the Iranian Government regarding the seizure of the Defendant Properties, including the date such communication occurred, all participants in the communication, and a description of the substance of that communication.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co*., 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 39:**

*Describe in detail all facts and circumstances known to the Mobin Claimants regarding the Iranian Government's issuance of arrest warrants for seventeen vessels owned by the same Greek shipping company that owns the four vessels referenced in your Verified Claim.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 40:**

*On August 14, 2020, the High Court of Justice of the Business and Property Courts of England and Wales, Queens Branch Division, issued an opinion in Bella Enterprises Co. v. Mobin International Ltd, Claim No. CL-2020-000479. Identify all parties to that proceeding, including all counsel. Identify and provide all documents produced by the Mobin Claimants or City Energy FZC in the course of that proceeding. State whether Mobin, Sohar Fuel, Oman Fuel and City Energy FZC have taken any appeal or sought and review of the judgment in that proceeding. Explain why, in light of the ruling in that proceeding, the Mobin Claimants have an interest in the Defendant Properties.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 41:**

*Identify and describe any records, documents, or tangible items that support this ownership interest, or are otherwise relevant to your interest in, or claim to, the Defendant Properties. For each item identified, provide the name, address, telephone number, and email address of its custodian, as well as a summary of the contents of that item. In lieu thereof, you may produce copies of the records, documents, or tangible items.*

**Response:** Claimants' responses to these Special Interrogatories set forth their ownership interests in the Defendant Properties.

With respect to the remainder of this interrogatory, Claimants object because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 42:**

*State the names and current addresses and telephone numbers of all persons known or believed by you to have knowledge of or information pertaining to the Mobin Claimants' ownership of the Defendant Properties so that these persons may be deposed.*

**Response:** Claimants object to this interrogatory because it does not pertain to Claimants' identities nor their relationships to the Defendant Properties, it is overly broad, and it is not relevant to Claimants' standing to contest the civil forfeiture. Fed. R. Civ. Supp. R. G(6)(a); *United States v. All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013).

**Interrogatory 43:**

*State the names and addresses of all persons who assisted you in preparing answers to these interrogatories (except clerical personnel) and specify the interrogatory numbers each person assisted you with.*

**Response:** Mahmoud Madanipour was the sole person involved in preparing Claimants' answers to these Special Interrogatories.

Mobin International Limited,
Oman Fuel Trading Ltd., and
Sohar Fuel Trading LLC FZC

By: _____
Mahmoud Madanipour

Objections By: /s/ Erich C. Ferrari
Counsel

Dated:  October 14, 2020                          Respectfully submitted,

                                                 Erich C. Ferrari

                                                 Ferrari & Associates, P.C.

                                                 1455 Pennsylvania Ave., NW

Suite 400

                                                 Washington, D.C. 20004

                                                 Telephone: (202) 280-6370

                                                 Fax: (877) 448-4885

                                                 Email: ferrari@falawpc.com

                                                 D.C. Bar No. 978253

                                                 *Attorney for Claimants*

## <u>VERIFICATION</u>

I, Mahmoud Madanipour, on behalf of Claimants Mobin International Limited, Oman Fuel Trading Ltd., and Sohar Fuel Trading LLC FZC (collectively, the "Claimants"), verify under penalty of perjury under the laws of the United States of America that I have authority to act on behalf of the Claimants, and that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Executed this 14 day of October , 2020

_Mahmoud Madanipour_
_on behalf of the Claimants_