UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE BELLA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9208124, *et al.*,<br><br>Defendants In Rem,<br><br>- and –<br><br>MOBIN INTERNATIONAL LIMITED, *et al.*,<br><br>Claimants. | Civil Action No. 20-1791 (JEB) |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND TO STRIKE MOBIN CLAIMANTS' CLAIM**

Plaintiff, the United States of America, by and through its undersigned counsel, respectfully moves for entry of a default judgment in plaintiff's favor and an order of forfeiture of the substitute res for the defendant property to the United States on the grounds set forth in the Verified Complaint for Forfeiture *In Rem*, which was filed on July 1, 2020. *See* Compl. (ECF No. 1). The grounds for the United States' motion for default judgment are set forth in the attached memorandum in support.

As part of seeking default judgment, the United States also moves to strike the claim filed by Mobin International Limited, Omar Fuel Trading Ltd., and Sohar Fuel Trading LLC FZC ("Mobin Claimants"). The grounds for striking the Mobin Claimants' claim are as follows.

The Mobin Claimants filed a joint claim to the Defendant Property, as well as a motion to dismiss the verified complaint. *See* ECF Nos. 11, 13. The Court denied the Mobin Claimants' motion to dismiss for want of prosecution after the Mobin Claimants' counsel withdrew from the case. *See* Minute Order of Mar. 3, 2021. The Court did so because the Mobin Claimants, which are corporations and limited liability companies, cannot appear pro se in this action. *See, e.g.*, *Alexian Bros. Med. Ctr. v. Sebelius*, 63 F. Supp. 3d 105, 108 (D.D.C. 2014) (Howell, J.) ("corporate entities are not permitted to appear pro se and, therefore, absent counsel, this action will be dismissed") (citing, among others, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")); *Partridge v. Am. Hosp. Mgmt. Co., LLC*, 289 F. Supp. 3d 1, 25 (D.D.C. 2017) (Contreras, J.) (applying rule to limited liability company); *Kumaran v. ADM Inv. Servs., Inc.*, Civ. A. No. 20-3873, 2020 WL 4926263, at *1 (S.D.N.Y. Aug. 20, 2020) ("a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney").

Since the Court denied the Mobin Claimants' motion to dismiss, they have not otherwise appeared or filed a pleading in this action. Accordingly, their claim is subject to be stricken by the Court. Supplemental Rule ("Supp. R.") G(8)(C) provides that "[a]t any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6)[.]" Supp. R. G(8)(C). Supplemental Rule G(5)(b), in turn, requires a claimant to file an answer or motion to dismiss within 21 days of filing a claim. Supp. R. G(5)(b). Once a motion to dismiss

is denied, Federal Rule of Civil Procedure ("Rule") 12(a)(4)(A) requires a party to file an answer within 14 days of the denial. Fed. R. Civ. P. 12(a)(4)(A).[1]

After the Court denied the Mobin Claimants' motion to dismiss, they did not file a pleading required by Supplemental Rule G(5)(b) and Rule 12(a)(4)(A). Accordingly, the Mobin Claimants' unprosecuted claim should be stricken and is no obstacle to the Court entering default judgment in this action. *See generally United States v. Three Sums Totaling $612,168.23*, Civ. A. No. 19-0130 (RBW), 2021 WL 2255310, at *6 (D.D.C. June 3, 2021) (striking claimants' claim when untimely raised and granting motion for default judgment of forfeiture); Fed. R. Civ. P. Supp. R. G(8)(C) ("At any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6)[.]"); Fed. R. Civ. P. Supp. R. G(5)(b) (requiring claimant to file an answer or motion to dismiss); Fed. R. Civ. P. 12(a)(4)(A) (requiring party to file answer within 14 days of the denial of a motion to dismiss). Accordingly, under Supplemental Rule G(8)(C) the Court should strike the Mobin Claimants' claim for failing to comply with the Rules and Supplemental Rules.

\*   \*   \*

---

[1]  Supplemental Rule G(1) provides that the Rules apply to forfeiture actions to the extent they are not inconsistent with Supplemental Rules C and E. Supp. R. G(1).

Dated: July 30, 2021
       Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

By:      */s/ Michael P. Grady*
    MICHAEL P. GRADY
    BRIAN P. HUDAK
    Assistant United States Attorneys
    555 Fourth Street, NW
    Washington, DC 20530
    (202) 252-7566 (main line)

*Attorneys for the United States of America*