UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE BELLA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9208124, *et al.*,<br><br>   Defendants In Rem,<br><br>  - and –<br><br>MOBIN INTERNATIONAL LIMITED, *et al.*,<br><br>   Claimants. | Civil Action No. 20-1791 (JEB) |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

  The United States of America, by undersigned counsel, submits this supplemental memorandum of law in support of its motion for default judgment. In this civil forfeiture action, the government is seeking to forfeit all petroleum-product cargo aboard four oil tankers, the Bella, the Bering, the Pandi, and the Luna (collectively the "Defendant Properties"). *See* Compl. (ECF No. 1) at 1-2. On September 16, 2021, at a hearing on the government's motion for default judgment, the Court inquired about the government's forfeiture theory under 18 U.S.C. § 981(a)(1)(G)(i). Specifically, the Court asked the United States to confirm *who* was afforded a source of influence over an entity or organization that engaged in planning or perpetrating a federal crime of terrorism. As outlined below, the United States alleges that the Defendant Properties afforded certain front companies and shipping companies and those who operate them, including

Mahmoud Madanipour and Mobin International Ltd. ("Mobin International"), a source of influence over the Islamic Revolutionary Guard Corps. ("IRGC").

## FACTUAL BACKGROUND

The IRGC is a branch of the Iranian armed forces. The Islamic Revolutionary Guard Corps – Quds Force ("IRGC-QF") is a branch of the IRGC that specializes in unconventional warfare and military intelligence operations.

Mahmoud Madanipour is an Iranian national who arranged the shipments of the Defendant Properties on behalf of Mobin International Ltd. ("Mobin International"). *See* Compl. ¶ 15. Madanipour is affiliated with the IRGC. *Id.*

Mobin International is a company purportedly organized in the United Arab Emirates that contracted with the Bella, Bering, Pandi, and Luna to transport the Defendant Properties to Venezuela. *See id.* ¶ 26. Mobin International previously operated under the name Rahbaran Petro Mobin Kish and described itself as an Iranian petroleum company. *See id.* ¶ 16. Mobin International is associated with bank accounts also used for IRGC funds. *See id.* ¶ 18.

## RELEVANT FORFEITURE STATUTE

Under 18 U.S.C. § 981(a)(1)(G)(i), "all assets, foreign or domestic, affording any person a source of influence over" any entity or organization "engaged in planning or perpetrating … any Federal crime of terrorism (as defined in section 2332b(g)(5) against the United States, citizens or residents of the United States, or their property" is subject to forfeiture to the United States. Under 1 U.S.C. § 1, "the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."

## **DISCUSSION**

In this case, the United States alleges that the Defendant Properties afforded Mobin International and Mahmoud Madanipour, among others, a source of influence over the IRGC, rendering the Defendant Properties subject to forfeiture under 18 U.S.C. § 981(a)(1)(G)(i). The complaint alleges the importance of such petroleum products to the IRGC and the funding of its terrorist activities. Among other things, the complaint alleges that the IRGC maintains "extensive economic interests in the oil industry and the profits from these activities support the IRGC's full range of nefarious activities, including the proliferation of [weapons of mass destruction] and their means of delivery, support for terrorism, and a variety of human rights abuses, at home and abroad." Compl. ¶ 8.

The complaint alleges that the IRGC is reliant on a network of front companies and shipping companies to sell such petroleum products. Specifically, the complaint alleges that the IRGC-QF relies on persons embedded in the shipping industry to transport petroleum products, *id.* ¶ 11, that the IRGC-QF relies on a complex network of intermediaries to obfuscate its involvement in selling Iranian oil, *id.* ¶ 12, and that "holding groups and companies in the petrochemical sector and elsewhere . . . provide financial lifelines to the IRGC," *id.* ¶ 9.

The complaint additionally ties both Mobin International and Mahmoud Madanipour to the shipment of the Defendant Properties and the IRGC in this case. The complaint alleges, among other things, that Madanipour arranged the shipments of the Defendant Properties on behalf of Mobin, *id.* ¶ 15, that Madanipour is affiliated with the IRGC, *id.*, and that "during planning discussions regarding sanctions evasion, Madanipour said that any business conducted by foreign entities would require IRGC consent," *id.* ¶ 19.

Finally, the complaint alleges that the IRGC is "a designated foreign terrorist organization, which has engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, citizens or residents of the United States, or their property." Compl. ¶ 40. In light of these allegations, the complaint adequately sets forth a claim that the Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(i). Accordingly, the Government has satisfied its burden to obtain a default judgment of forfeiture.

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated in the government's memorandum in support of default judgment, the United States respectfully requests that the Court enter default judgment against the Defendant Properties and issue an order of forfeiture.

Dated: September 22, 2021
Washington, DC

                                        Respectfully submitted,

                                        CHANNING D. PHILLIPS, D.C. Bar #415793
                                        Acting United States Attorney


                                        By:       */s/ Michael P. Grady*
                                                   MICHAEL P. GRADY
                                                   BRIAN P. HUDAK
                                                   Assistant United States Attorneys
                                                   555 Fourth Street, NW
                                                   Washington, DC 20530
                                                   (202) 252-7566 (main line)

                                      *Attorneys for the United States of America*